# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01131-COA

JONATHAN GRIFFITH                                                    APPELLANT

v.

MERLENE WALL                                                          APPELLEE

DATE OF JUDGMENT:            06/23/2016
TRIAL JUDGE:                 HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:   LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      ALEXANDER IGNATIEV
ATTORNEY FOR APPELLEE:       WILLIAM L. DUCKER
NATURE OF THE CASE:          CIVIL - TORTS - OTHER THAN PERSONAL
                             INJURY AND PROPERTY DAMAGE
DISPOSITION:                 REVERSED AND RENDERED - 08/29/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., ISHEE AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.    Merlene Wall sued Jonathan Griffith for libel and slander, and sought an injunction

in the County Court of Lamar County.  After a trial on the facts, the county court ruled in

favor of Griffith and dismissed the case.  Wall appealed the decision to the Lamar County

Circuit Court.  Wall submitted a brief—raising a new argument not previously asserted at

trial; Griffith did not respond to the appeal with a brief.  The circuit court held that Griffith's

failure to answer and file a brief was a confession of error.  And so, the circuit court reversed

the decision of the county court and ruled in favor of Wall.  Griffith now appeals to this

Court, arguing that Wall failed to make out a case for error, and therefore, he was entitled

to a summary affirmance. We agree, and accordingly, reverse and render the judgment of the circuit court. The judgment of the county court is reinstated.

## FACTS AND PROCEDURAL HISTORY

¶2.     Wall was the municipal clerk of Lumberton. Griffith runs the "Lumberton Informer"—a blog which reports on politics and news in Lumberton. Griffith has often been critical of Wall in his posts on the blog. Additionally, the blog allows anyone to publish a comment following a blog entry. These comments may be posted anonymously. In various instances, anonymous comments—addressing Wall—posted to the blog were vulgar and crass.

¶3.     Wall sued Griffith in the county court for libel and slander, and to enjoin his publication. On June 7, 2015, the county court entered an injunction ordering Griffith, as the publisher of the "Lumberton Informer," to cease and desist from writing defamatory material about Wall in his publication. A trial was held on October 19, 2015, and a judgment was entered in favor of Griffith. At trial, Wall and Melissa Nightingale—a deputy city clerk—testified that they believed that Griffith was responsible for the anonymous comments posted to his blog. Griffith testified that the comments posted on the blog were moderated by a third party—and thus he was not responsible.

¶4.     After the trial, the county court issued a written final judgment ruling in Griffith's favor. First, the county court found that Wall was a public figure, and so Griffith possessed a First Amendment right to criticize Wall so long as the comments were not false, and not made with malice. Second, the county court found that there was no evidence of defamatory

2

comments—made by Griffith—in any of his blog posts placed into evidence. Specifically, the county court found that there was no proof that these comments were factually false—most were just opinions. Likewise, the county court found that there was no proof of malice. And third, the county court found that there was insufficient proof in the record to find that Griffith had control over the posting of anonymous comments in his blog—and thus was not responsible for their content. Therefore, the county court found it unnecessary to determine if the anonymous comments were defamatory.

¶5. Wall then appealed to the circuit court. Wall filed a brief, arguing that federal law placed on Griffith an affirmative obligation to screen offensive material.[1] Griffith failed to answer and did not file a brief with the circuit court. The circuit court then ruled in favor of Wall—finding that Griffith's failure to participate in the appeal amounted to confession of error. Consequently, the circuit court reversed the county court and found that Griffith did defame Wall. Griffith now appeals.

**DISCUSSION**

¶6. On appeal, Griffith argues that the circuit court erred by taking his failure to file a brief as a confession of error, rather than summarily affirming the county court. Griffith supports this assertion by arguing that Wall failed to make out a case of error. We agree.

¶7. At the outset, we must note that this is a rare case where the failure to file a brief occurred not on appeal to this Court, but on appeal to a lower court. That said, the applicable rule at the time, Uniform Circuit and County Court Rule 12.03(D), which addressed appeals

---

[1] Communications Decency Act, 47 U.S.C. § 230(c) (2012).

to the circuit court from the county court, provided: "The consequences of failure to timely file a brief [in the circuit court] shall be the same as in the Supreme Court."[2]

¶8. Whenever the appellee has failed to file a brief, a reviewing court is presented with two options: "The first 'is to take the appellee['s] failure to file a brief as a confession of error and reverse.'" *McGrew v. McGrew*, 184 So. 3d 302, 306 (¶10) (Miss. Ct. App. 2015) (quoting *Miller v. Pannell*, 815 So. 2d 1117, 1119 (¶7) (Miss. 2002)). "This should be done when the record is complicated or voluminous, and the appellant has presented an apparent case of error." *Id.* The second is to disregard the appellee's failure to file a brief and affirm the [judgment]." *Id.* "This option is reserved for situations where there is a sound and unmistakable basis upon which the judgment may be safely affirmed." *Id.* (internal quotations omitted).

¶9. After reviewing the record, we find that the circuit court erred in taking Griffith's failure to file a brief as a confession of error. First, we find that the record on appeal is neither complicated nor voluminous. And even if it were, we find that Wall—the appellant at the circuit court level—failed to present an apparent case of error. In fact, the record shows that in her brief to the circuit court, Wall relied solely on a federal statute in an attempt to somehow tie the anonymous comments made on Griffith's blog to Griffith himself. The federal statute Wall relies on—titled "[p]rotection for private blocking and screening of offensive material"—states in part:

---

[2] Effective July 1, 2017, the Uniform Circuit and County Court Rules were amended and renamed the Uniform Civil Rules of Circuit and County Court. This substantively unchanged provision is now found in Rule 5.06. *See* UCRCCC 5.06.

No provider or user of an interactive computer service shall be held liable on account of . . . any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected . . . .

47 U.S.C. § 230(c)(2)(A).

¶10.     Wall contends that this statute placed an obligation on Griffith to remove offending material published—by anonymous posters—on his blog. A quick glance at the statute's text suggests otherwise. For one thing, section 230(c)(1) explicitly protects a user of an interactive computer service from being "treated as the publisher or speaker of any information provided by another information content provider."[3] Indeed, nowhere in the text of either section 230(c)(1) or (c)(2)(A) does the statute place any obligation on a provider or a user to screen offensive material. What is more, the title of the statute clearly previews a statutory protection, not a mandate. By its very terms, the title denotes *protection* for private blocking and screening of offensive materials. One may chose to block or screen offensive material; he, however, is under no obligation to do so.

¶11.     Wall's other argument seems to be that even if the statute does not directly place such an obligation on Griffith—to screen offensive material—it does provide him with protection to do so. And so, Wall contends that his failure to utilize this protection ultimately encourages the dissemination of offensive material. While we have made clear that this statute operates as a protection, we do not agree with this assertion. Again, just because

---

[3] "Information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive service." 47 U.S.C. § 230(f)(3).

Griffith would have been protected if he had *voluntarily* screened the material, does not mean he had to. The record reflects that on appeal to the circuit court, Wall did not contest any of the merits of the actual defamation claim tried in the county court. Indeed, Wall—after having not raised it at the actual trial—relies on the federal statute to attach ownership of the anonymous comments to Griffith. And having determined that such statute does not operate in this manner, that leaves Wall with no case of error on appeal.

¶12. Because the record was neither complicated nor voluminous, coupled with Wall's failure to make out an apparent case of error, we find that the circuit court should have disregarded Griffith's failure to file a brief and affirmed the judgment of the county court. For here there was a "sound and unmistakable basis" upon which the circuit court could have safely affirmed the judgment of the county court. *See McGrew*, 184 So. 3d at 306 (¶10).

¶13. It is undisputed that Wall—as city clerk—was a public figure; indeed, she admitted as much in her brief to the circuit court. And so, to prevail on a defamation claim, Wall had to show evidence that Griffith made a false statement of fact (not opinion). *N.Y. Times v. Sullivan*, 376 U.S. 254, 281 (1964). Additionally, Wall had to show that Griffith acted with actual malice—knowledge that such statements were false or made with reckless disregard of their truth or falsity. *See id.* After a trial and consideration of the facts presented, the county court found that Wall failed to carry her burden as to any of these elements.

¶14. In her brief to the circuit court, and even before us, Wall's only claim of error was based on the control of the anonymous comments. Wall did not, for example, claim that the county court erred in finding that she was a public figure, that it erred in determining that she

6

failed to prove that Griffith's post contained false statements of fact, or that it erred in finding that she failed to prove actual malice. Indeed, Wall's only hope was to attempt to use an inapplicable federal statute as a vehicle to attach ownership of these anonymous comments to Griffith. The county court found that there was insufficient proof in the record to find that Griffith had control over the posting of anonymous comments in his blog—and was thus not responsible for their content. Wall's use of the federal statute does not change that conclusion. With all this in mind, we find that the circuit court could have safely affirmed the judgment of the county court.

¶15. In conclusion, we find that because the record was neither complicated nor voluminous, coupled with the fact that Wall failed to make out an apparent case of error, the circuit court should have affirmed the judgment of the county court—even though Griffith failed to file a brief. In reaching this end, it is not our intent to condone a litigant's failure to file a brief. Nor do we encourage future litigants to approach the appellate process in a careless manner; for when a litigant does so, he does so at his own peril. Yet we find that in this specific case, with these specific facts, a case of error was not made. Therefore, we reverse and render the judgment of the circuit court. The judgment of the county court is reinstated.

¶16. **REVERSED AND RENDERED.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**